UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHERN RENTALS, INC., | No. 2:19-cv-01788-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| EQUIPMENTSHARE.COM, INC., et al., | |
| Defendants. | |

Presently before the court is defendant Equipmentshare.com's[1] ex parte application to quash 12 third-party subpoenas. (ECF No. 49). Also pending before the court are defendants' motions for protective orders (ECF Nos. 42, 47), defendant's motion to stay discovery in this case (ECF No. 44), and plaintiff's motion to compel, (ECF No. 45.) All of these motions are to be heard on April 30, 2020.[2] As set forth below, the court QUASHES the subpoenas at issue, without prejudice for reissuing the subpoenas should the court deny defendant's motion to stay.

Defendant's present motion seeks to quash subpoenas filed by plaintiff on 12 non-party companies. Plaintiff served the disputed subpoenas on April 7, 2020; and they require documents

---

[1] Matthew Allen and Derrick Torres are also defendants in this matter, but they did not join the present motion.

[2] These motions have been submitted without argument pursuant to Local Rule 230(g). (ECF No. 48.)

1

to be produced by April 24, 2020—six days before the court is to hear defendant's motion to stay discovery in this matter.

While defendants do not have standing under Federal Rule of Civil Procedure 45 to challenge a subpoena issued to a nonparty absent some claim of personal right or privilege in the information sought by the subpoena, here, defendant's motion is also predicated upon Federal Rule of Civil Procedure 26(c), pursuant to which the court may issue a protective order in appropriate circumstances. See Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 22 (D.D.C. 2005) (construing defendant's motion to quash subpoena served on third parties as a motion for protective order). "[W]here a defendant lacks standing to seek to quash subpoenas under Fed. R. Civ. P. 45, the Court may nonetheless sua sponte quash improperly issued subpoenas." Elite Lighting v. DMF, Inc., 2013 WL 12142840, at *3 (C.D. Cal. May 6, 2013) (citing Pike v. Trinity Industries, Inc., 2012 WL 2087171, at *1-*2 (M.D. Fla. June 8, 2012)). Pursuant to Fed R. Civ. P. 26(c) a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Here, plaintiff seeks documents from 12 companies to be produced in the middle of a global pandemic 6 days before the court hears defendant's motion seeking a stay on discovery. Given the current stay-at-home order in the state of California,[3] it is likely—if not certain—that these requests would require individuals to violate a state order to comply with federal subpoenas. Beyond this clear predicament, this discovery dispute could be moot, at least temporarily, six days after the 12 companies are directed to respond, when the court hears the pending motion to stay discovery. For these reasons, the court finds that the burden of complying with these subpoenas far outweighs any potential benefit that plaintiff would gain from their compliance, and therefore quashes the 12 subpoenas at issue. After the court rules on the motions pending before it, and if discovery is not stayed, plaintiff may reissue the subpoenas and defendants may file appropriate objections.

////

---

[3] Exec. Dep't, State of California, Executive Order N-33-20 (Mar. 19, 2020),

Accordingly, it is HEREBY ORDERED that:

1. Defendant's ex parte application is GRANTED as set forth herein;

2. The court grants a protective order QUASHING the twelve (12) subpoenas that are the subject of defendant's motion; and

3. **Plaintiff must immediately notify each of the 12 non-parties, with a copy to counsel for defendant, that it has withdrawn the subpoenas pursuant to an order of this court and that the non-parties do not need to respond to the subpoenas; plaintiff shall also file notice with the court attesting to the same by April 20, 2020.**

IT IS SO ORDERED.

Dated: April 17, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1788.ahren

3