*ECF DOCUMENT*
I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Western District of Missouri.

Date Filed:  8/10/2020                    Paige A. Wymore-Wynn, Clerk
By:/Kimah Houston/                                     Deputy Clerk

### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: AHERN RENTALS, INC.,
TRADE SECRET LITIGATION**

**FILED**

**Aug 12, 2020**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MDL No. 2945

## TRANSFER ORDER

**Before the Panel**: Common defendant EquipmentShare.com Inc. moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Nevada.  This litigation currently consists of ten actions pending in eight districts, as listed on Schedule A.  The Panel also has been notified of two potentially-related actions in the Northern District of Texas and the Western District of Missouri.[1] Responding defendants—thirteen individuals named in nine actions—join the motion.  Common plaintiff in all actions, Ahern Rentals, Inc., opposes centralization and, if the Panel orders centralization over plaintiff's objections, supports selection of the District of Nevada as the transferee district.

On the basis of the papers filed and hearing session held,[2] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from allegations of a nationwide scheme by EquipmentShare to capture market share in the equipment rental business from Ahern by (1) luring away its employees and customers, and (2) using Ahern's confidential and proprietary information and trade secrets.  Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, plaintiff argues that the allegations and discovery in these actions are focused on the individual defendants and their alleged misconduct, which plaintiff claims is "highly localized."  Plaintiff alleges that the individual defendants, all of whom are former Ahern employees now employed by EquipmentShare,[3] assisted EquipmentShare in its scheme by taking

---

[1]     These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]     In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020.  *See* Suppl. Notice of Hearing Session, MDL No. 2945 (J.P.M.L. Jul. 14, 2020), ECF No. 49.

[3]     The only exception is Ms. Martinez in the District of Arizona *Martinez* action, who was sued to include Mr. Martinez's marital community.

-2-

actions such as soliciting Ahern employees and customers and taking Ahern confidential and proprietary information and trade secrets while still employed by Ahern.  While plaintiff alleges misconduct unique to each individual defendant, EquipmentShare is alleged to have engaged in a "nationwide conspiracy" to encourage and abet such conduct by Ahern employees.  According to Ahern, EquipmentShare intends to ruin Ahern's business nationwide and steal its market share.  These allegations are most fully set forth in the complaint in one District of Nevada action (the *RICO* action), which names only EquipmentShare and asserts a nationwide conspiracy in violation of federal racketeering and antitrust statutes, among other claims.  The *RICO* complaint includes as evidence of this conspiracy many of the allegations made against the individual defendants in more than half of the actions also before the Panel.  Overlapping discovery between at least these actions and the *RICO* action therefore is likely.  And indeed, defendants assert that Ahern has served overlapping discovery requests and deposition notices already.

Ahern also argues that informal coordination is a practicable and preferable alternative to centralization, particularly as EquipmentShare is represented by common counsel in all actions.  We have held that Section 1407 centralization "should be the last solution after a considered review of all other options."  *In re Capacitors Antitrust Litig. (No. II)*, 223 F. Supp. 3d 1340, 1342 (J.P.M.L. 2016).  But discovery in these actions, including when to begin taking it and its scope, already has been contentious.  EquipmentShare cites an increasing number of discovery disputes in the underlying actions as evidence that informal coordination is not feasible.

On balance, we find that centralization is preferable to informal coordination here.  While we strongly encourage informal coordination, proceedings to date indicate that a single court can more effectively manage the discovery disputes that have arisen and appear likely to arise, including those relating to discovery from third party witnesses, depositions of apex witnesses, and the scope of relevant discovery, generally.  Moreover, there are twelve actions pending in ten districts, and Ahern is represented by different counsel in half of the pending actions.  Consequently, voluntary coordination across these dispersed districts appears problematic.

We will centralize these actions in the Western District of Missouri, where the parties revealed at oral argument that a related action recently was filed by EquipmentShare against Ahern.[4]  EquipmentShare is headquartered in Columbia, Missouri, and therefore, relevant documents and witnesses likely will be found there.  We will assign these actions to the Honorable Beth Phillips,

[4]    EquipmentShare brings claims in this action against Ahern and its Chief Development Officer, Cory Rosencranse.  EquipmentShare alleges that (1) Mr. Rosencranse feigned an interest in employment with EquipmentShare to secure a meeting with EquipmentShare's Chief Executive Officer and illicitly recorded their conversation to obtain information about EquipmentShare's operations and business; (2) Ahern interfered with EquipmentShare's business relationships, including its relationships with certain financial institutions; and (3) Ahern has improperly used the present litigation before the Panel, as well as other actions it has filed in state court, to disrupt EquipmentShare's business relationships, discourage Ahern employees from seeking employment with EquipmentShare, and put it out of business.

-3-

an experienced jurist with the ability and willingness to manage this litigation efficiently.  We are confident she will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Western District of Missouri, and, with the consent of that court, assigned to the Honorable Beth Phillips for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: AHERN RENTALS, INC.,**
**TRADE SECRET LITIGATION**                    MDL No. 2945

## SCHEDULE A

    District of Arizona

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM INC., ET AL.,
    C.A. No. 2:20-00705

    Eastern District of California

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM, INC., ET AL.,
    C.A. No. 2:19-01788

    District of Colorado

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM, INC., ET AL.,
    C.A. No. 1:20-00941

    District of Nevada

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM, INC., C.A. No. 2:19-02138
AHERN RENTALS, INC. v. WADE, ET AL., C.A. No. 2:20-00094

    District of South Carolina

AHERN RENTALS, INC. v. MEADOWS, ET AL., C.A. No. 2:19-02823
AHERN RENTALS, INC. v. DONATO, ET AL., C.A. No. 2:20-01428

    Southern District of Texas

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM INC., ET AL.,
    C.A. No. 2:20-00046

    District of Utah

AHERN RENTALS, INC. v. MCCORMAC, ET AL., C.A. No. 2:19-01003

    Western District of Washington

AHERN RENTALS, INC. v. MENDENHALL, ET AL., C.A. No. 2:20-00542