## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION**

MDL No. 2945

(SEE ATTACHED SCHEDULE)

## CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation,</u> the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Western District of Missouri.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Western District of Missouri with a stipulation or designation of the contents of the record to be remanded.

---

Inasmuch as no objection is
pending at this time, the
stay is lifted.

**May 15, 2024**

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

---

FOR THE PANEL:

*Tiffaney D. Pete*

Tiffaney D. Pete
Clerk of the Panel

**IN RE: AHERN RENTALS, INC., TRADE SECRET
LITIGATION**

MDL No. 2945

**SCHEDULE FOR CRO**

| TRANSFEREE | | | TRANSFEROR | | | CASE CAPTION |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | |
| MOW | 2 | 20−04140 | AZ | 2 | 20−00705 | Ahern Rentals Incorporated v. EquipmentShare.com Incorporated et al |
| MOW | 2 | 20−04141 | CAE | 2 | 19−01788 | Ahern Rentals, Inc. v. Equipmentshare.com, Inc. et al |

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | | |
|---|---|---|---|
| IN RE: AHERN RENTALS, INC., | ) | MDL | No. 2945 |
| TRADE SECRET LITIGATION. | ) | Master Case No. | 20-02945-MD-C-BP |
| | ) | Member Case No. | 20-04140-CV-C-BP |

---

| | | |
|---|---|---|
| AHERN RENTALS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District of Arizona Number |
| | ) | 2:20-CV-00705-DJH |
| EQUIPMENTSHARE.COM INC., | ) | |
| DANIEL MARTINEZ, and | ) | |
| JANE DOE MARTINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**SUGGESTION OF REMAND AND TRANSFER ORDER**</u>

This suit is part of a multidistrict litigation proceeding ("MDL") involving a multitude of business disputes between Ahern Rentals, Inc. ("Ahern") and EquipmentShare.com Inc. ("EquipmentShare"). Most of the suits—including this one—have been brought by Ahern and revolve around its assertion that EquipmentShare induced Ahern employees (the "Individual Defendants") to (1) leave their jobs with Ahern to begin working for EquipmentShare and (2) bring Ahern's trade secrets or confidential information to advance EquipmentShare's business at Ahern's expense. In the typical member cases, Ahern has brought a myriad of statutory, contractual, and common law claims against both EquipmentShare and one or two Individual Defendants. However, proceedings have reached the point where continued consolidation or coordination for some cases is not beneficial, so remand and transfer to the Transferor Court is recommended.[1]

---

[1] This Order addresses only this member case; the other cases will be addressed separately and individually.

## I.  SUGGESTIONS IN SUPPORT OF REMAND

The Judicial Panel on Multidistrict Litigation (the "Panel") has directed that, when a case

is ready to be remanded, the transferee judge must submit a suggestion to that effect to the Panel:

> If and when the transferee judge determines that any action or claim is, in fact,
> ready for trial, or otherwise ready for remand because the common pretrial
> proceedings pertaining to that action or claim have been completed and the action
> or claim would no longer benefit from inclusion in the coordinated or consolidated
> pretrial proceedings, the transferee judge may suggest to the Panel that the Panel
> remand the action or claim to its transferor district.

*In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see also* J.P.M.L.

Rule 10.1(b).

During the MDL's pendency, all relevant discovery, including case-specific discovery for

each of the member cases, has been completed.[2]  The parties briefed motions related to the

admissibility of expert testimony, and this Court (the "MDL Court") has issued indicative rulings

on those matters.  The parties are also separately briefing summary judgment motions for each of

the member cases, and the briefing has been completed for this member case.

The MDL Court has not issued rulings on the summary judgment motions, and, in these

circumstances, the MDL Court does not believe it should do so.  The facts in the member cases

are very distinct from each other—more so than is usually the case in an MDL—and there are few

(if any) common issues to be addressed.  The dispositive motions for each member case will not

depend on common facts, but rather the facts regarding each Individual Defendant's actions.  The

claims asserted in the cases are not the same; moreover, even to the extent the claims are the same,

the governing law may not be.  Consequently, it is not efficient for a single court to rule on all the

---

[2] There is one member case for which discovery is continuing; that case is on a different schedule because it had been
dismissed, but the dismissal was reversed on appeal.  That case is also atypical in several other respects, including the
issues involved.  Its continuation has no bearing on the rest of the member cases.

dispositive motions; it is more efficient for the labor to be divided so that each case can be assessed individually.  Accordingly, this is the appropriate time to remand the cases to the Transferor Court.

## II.  PERTINENT FILINGS[3]

This member case was originally removed to the United States District Court for the District of Arizona on April 8, 2020.  The Complaint—which has not been amended—names EquipmentShare, Daniel Martinez, and Jane Doe Martinez as defendants.  Daniel Martinez is an Individual Defendant; that is, he is a former Ahern employee who went to work for EquipmentShare. Jane Doe Martinez is Daniel Martinez's wife and is named solely for community property purposes; subsequent filings (including the Martinez's Answer) indicate her name is Reina Martinez, but there has been no formal attempt to substitute her as a party.  On April 22, 2020, EquipmentShare and the Martinezes filed their separate Answers.  Neither Ahern's Complaint nor Defendants' Answers have been amended.  The Panel transferred the case to the MDL Court in August 2020.

### A.

After transfer, the following relevant rulings were made:[4]

Doc. 1268     Order issuing (on page 12) a restriction on the use of certain evidence.  The MDL Court does not know if any such evidence exists or will be offered in connection with this member case, but the Transferor Court should know this ruling has been made.

Doc. 1802     Order striking the Supplemental Report from Ahern's damages expert, David Hoffman

---

[3] The MDL Court believes it has identified all the relevant documents for this member case, but there is always the possibility the parties will suggest others are also important.

[4] All Document Numbers are from this Court's Master MDL Docket.

**B.**

As stated earlier, the parties filed motions challenging the admissibility of expert testimony based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), its progeny, and Federal Rules of Evidence 702 through 705.  The MDL Court issued rulings on those motions, but repeats a caveat expressed in its Orders.

The MDL Court acknowledges decisions regarding the admission of expert testimony are discretionary, *e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), and different judges may exercise their discretion in different ways despite being presented with the same or similar circumstance.  Therefore, the Orders reflect how the MDL Court would rule and are not intended to bind the Transferor Courts; they are offered only to assist the Transferor Courts in resolving these issues.[5]

With that caveat in mind, the MDL Court issued the following Orders relating to expert testimony:

Doc. 1798    Order addressing testimony of Richard Wallace (Ahern's expert)

Doc. 1799    Order addressing testimony of Mark Hamilton (EquipmentShare's expert)

Doc. 1800    Order addressing testimony of Bruce Hartley (EquipmentShare's expert)

Doc. 1801    Order addressing testimony of David Hoffman (Ahern's expert) and John Hansen (EquipmentShare's expert)

---

[5] This caveat does not apply to Doc. 1802, the Order striking the Supplemental Report from Ahern's damages expert, David Hoffman.  That ruling was not based on evidentiary grounds, but rather on the Supplemental Report's untimely disclosure.

## C.

The Martinezes and EquipmentShare have filed separate Motions for Summary Judgment. Some of the filings (or exhibits thereto) may be sealed, but they should be accessible by the Transferor Court.  Also, and as indicated below, while the Martinezes and EquipmentShare typically made separate submissions, they opted to jointly file a single reply addressing Ahern's statements of facts.  To aid the Transferor Court, the MDL Court will identify the relevant filings.

### *The Martinezes' Motion*

Doc. 1855     The Martinezes' Motion for Summary Judgment

Doc. 1856     The Martinezes' legal arguments

Doc. 1857     The Martinezes' Statement of Facts

Doc. 1899     Ahern's response to The Martinezes' statement of facts (and Ahern's counter-facts)

Doc. 1921     Ahern's response to The Martinezes' legal arguments

Doc. 1971     The Martinezes' Reply Suggestions

Doc. 1972     The Martinezes' and EquipmentShare's joint response to Ahern's facts


### *EquipmentShare's Motion*

Doc. 1846     EquipmentShare's Motion for Summary Judgment

Doc. 1848     EquipmentShare's factual and legal arguments

Doc. 1902     Ahern's response to EquipmentShare's statement of facts (and Ahern's counter-facts)

Doc. 1922     Ahern's legal argument

Doc. 1972     The Martinezes' and EquipmentShare's joint response to Ahern's facts

Doc. 1973     EquipmentShare's reply argument

### III.  PROCEEDINGS ON REMAND

Given the unique nature of this MDL, practically all the discovery that was conducted in the MDL Court related to the individual member cases.  All such discovery has been completed and the MDL Court is not aware of any reason why additional discovery should be allowed.  Once the summary judgment motions are ruled and the Transferor Court determines the extent to which it will adopt the MDL Court's rulings on the *Daubert* motions, the case should be ready for trial.

### IV.  CONCLUSION

Pursuant to J.P.M.L. Rule 10.1(b), the MDL Court suggests that the Panel remand this member case to the District of Arizona for further proceedings.  The Clerk of Court shall forward a copy of this Order to the Panel.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATE: May 2, 2024



**ECF DOCUMENT**
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed:  5/2/2024  Paige A. Wymore-Wynn, Clerk
By:  M. Warren  Deputy Clerk

6

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | | |
|---|---|---|---|
| IN RE: AHERN RENTALS, INC., | ) | MDL | No. 2945 |
| TRADE SECRET LITIGATION. | ) | Master Case No. | 20-02945-MD-C-BP |
| | ) | Member Case No. | 20-04141-CV-C-BP |

| | | |
|---|---|---|
| AHERN RENTALS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Eastern District of California No. |
| | ) | 2:19-CV-01788-MCE-KJN |
| EQUIPMENTSHARE.COM, INC. and | ) | |
| MATTHEW ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |

## SUGGESTION OF REMAND AND TRANSFER ORDER

This suit is part of a multidistrict litigation proceeding ("MDL") involving a multitude of business disputes between Ahern Rentals, Inc. ("Ahern") and EquipmentShare.com Inc. ("EquipmentShare"). Most of the suits have been brought by Ahern and revolve around its assertion that EquipmentShare induced Ahern employees (the "Individual Defendants") to (1) leave his or her job with Ahern to begin working for EquipmentShare and (2) bring Ahern's trade secrets or confidential information to advance EquipmentShare's business at Ahern's expense. In the typical member cases, Ahern has brought a myriad of statutory, contractual, and common law claims against both EquipmentShare and one or more Individual Defendants. Proceedings have reached the point where continued consolidation or coordination is not beneficial, so remand and transfer to the Transferor Court is recommended.[1]

---

[1] This Order addresses only this member case; the other cases will be addressed separately and individually.

## I.  SUGGESTIONS IN SUPPORT OF REMAND

The Judicial Panel on Multidistrict Litigation (the "Panel") has directed that, when a case

is ready to be remanded, the transferee judge must submit a suggestion to that effect to the Panel:

> If and when the transferee judge determines that any action or claim is, in fact,
> ready for trial, or otherwise ready for remand because the common pretrial
> proceedings pertaining to that action or claim have been completed and the action
> or claim would no longer benefit from inclusion in the coordinated or consolidated
> pretrial proceedings, the transferee judge may suggest to the Panel that the Panel
> remand the action or claim to its transferor district.

*In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see also* J.P.M.L.

Rule 10.1(b).

During the MDL's pendency, all relevant discovery, including case-specific discovery for

each of the member cases, has been completed.[2]  The parties briefed motions related to the

admissibility of expert testimony, and this Court (the "MDL Court") has issued indicative rulings

on those matters.  The parties are also separately briefing summary judgment motions for each of

the member cases; each member case has been placed in one of five separate groups, with each

group having a different briefing schedule.  The briefing has been completed for this member case.

The MDL Court has not issued rulings on the summary judgment motions, and, in these

circumstances, the MDL Court does not believe it should do so.  The facts in the member cases

are very distinct from each other—more so than is usually the case in an MDL—and there are few

(if any) common issues to be addressed.  The dispositive motions for each member case will not

depend on common facts, but rather the facts regarding each Individual Defendant's actions.  The

claims asserted in the cases are not the same; moreover, even to the extent the claims are the same,

the governing law may not be.  Consequently, it is not efficient for a single court to rule on all the

---

[2] There is one member case for which discovery is continuing; that case is on a different schedule because it had been
dismissed, but the dismissal was reversed on appeal.  That case is also atypical in several other respects, including the
issues involved.  Its continuation has no bearing on the rest of the member cases.

dispositive motions; it is more efficient for the labor to be divided so that each case can be assessed individually.  Accordingly, this is the appropriate time to remand the cases to the Transferor Court.

## II.  PERTINENT FILINGS[3]

This member case was originally filed this case in the United States District Court for the Eastern District of California on September 9, 2020, against EquipmentShare and two Individual Defendants—Matthew Allen and Derrick Torres (although, as will be seen, Torres has since been dismissed).  Approximately three weeks after filing suit, Ahern filed a Motion for Preliminary Injunction.

On June 29, 2020, the Transferor Court (the Hon. Morrison C. England, Jr.) dismissed the Complaint with leave to amend.  Ahern filed a First Amended Complaint, and Defendants filed Motions to Dismiss.  These Motions were not fully briefed before the Panel transferred the case to the MDL Court on February 11, 2021.  The Motion for Preliminary Injunction had been briefed but had not been ruled.

## A.

After transfer, the following relevant documents were filed, and the following relevant rulings were made:

Doc.    25     Order granting in part and denying in part Defendants' Motion to Dismiss

Doc.   26     Order denying Ahern's Motion for Preliminary Injunction

Doc.   75     EquipmentShare's Answer to the First Amended Complaint

Doc.   87     Allen's Answer to the First Amended Complaint

Doc.   88     Torres's Answer to the First Amended Complaint

---

[3] The MDL Court believes it has identified all the relevant documents for this member case, but the parties may suggest others are also important.  All Document Numbers are from this Court's Master MDL Docket.

3

Doc.   238   Second Amended Complaint

Doc.   344   Order dismissing Counts II and III from the Second Amended Complaint

Doc.   366   Allen's Answer to the Second Amended Complaint

Doc.   367   Torres's Answer to the Second Amended Complaint

Doc.   412   Order denying EquipmentShare's Motion to Strike

Doc.   413   Order denying EquipmentShare's Motion for Attorney Fees

Doc.   428   EquipmentShare's Answer to the Second Amended Complaint

Doc.   538   Order allowing Ahern to file a Third Amended Complaint

Doc.   546   Third Amended Complaint

Doc.   576   EquipmentShare's Answer to the Third Amended Complaint

Doc.   580   Allen's Answer to the Third Amended Complaint

Doc.   581   Torres's Answer to Third Amended Complaint

Doc.   849   Order addressing a discovery dispute regarding forensic examination of cellphones

Doc. 1030   Order denying Ahern leave to file a Fourth Amended Complaint

Doc. 1225   Order addressing a discovery dispute regarding the scope of Cynthia Sanchez's deposition

Doc. 1251   Order denying Ahern's second request for leave to file a Fourth Amended Complaint

Doc. 1366   Order dismissing Derrick Torres with prejudice pursuant to the parties' stipulation

Doc. 1525   Order addressing the Errata Sheet from Cynthia Sanchez's deposition

Doc. 1554   Order denying Ahern's Motion for Sanctions

Doc. 1802   Order striking David Hoffman's Supplemental Expert Report

**B.**

Motions challenging the admissibility of expert testimony based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), its progeny, and Federal Rules of Evidence 702 through 705 were filed.  The MDL Court issued rulings on those motions, but repeats a caveat expressed in its Orders.

The MDL Court acknowledges decisions regarding the admission of expert testimony are discretionary, *e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), and different judges may exercise their discretion in different ways despite being presented with the same or similar circumstance.  Therefore, the Orders reflect how the MDL Court would rule and are not intended to bind the Transferor Courts; they are offered only to assist the Transferor Courts in resolving these issues.[4]

With that caveat in mind, the MDL Court issued the following Orders relating to expert testimony:

Doc. 1798        Order addressing testimony of Richard Wallace

Doc. 1799        Order addressing testimony of Mark Hamilton

Doc. 1800        Order addressing testimony of Bruce Hartley

Doc. 1801        Order addressing testimony of David Hoffman and John Hansen

**C.**

EquipmentShare and Allen have filed Motions for Summary Judgment.  Some of the filings (or exhibits thereto) may be sealed, but they should be accessible by the Transferor Court.  To aid the Transferor Court, the MDL Court will identify the relevant filings.

---

[4] This caveat does not apply to Doc. 1802, the Order striking the Supplemental Report from Ahern's damages expert, David Hoffman.  That ruling was not based on evidentiary grounds, but rather on the Supplemental Report's untimely disclosure.

### *EquipmentShare's Motion*

Doc. 1874       EquipmentShare's Motion for Summary Judgment

Doc. 1875       EquipmentShare's Suggestions in Support

Doc. 1930       Ahern's argument opposing EquipmentShare's Motion for Summary Judgment

Doc. 1931       Ahern's response to EquipmentShare's statement of facts

Doc. 1962       EquipmentShare's and Allen's Joint Responsive Facts

Doc. 1963       EquipmentShare's Reply Suggestions

### *Allen's Motion*

Doc. 1872       Allen's Motion for Summary Judgment

Doc. 1873       Allen's Suggestions in Support

Doc. 1933       Ahern's legal argument opposing Allen's Motion for Summary Judgment

Doc. 1934       Ahern's response to Allen's Statement of Facts

Doc. 1962       EquipmentShare's and Allen's Joint Responsive Facts

Doc. 1964       Allen's Reply Suggestions

## III.  PROCEEDINGS ON REMAND

Given the unique nature of this MDL, practically all the discovery that was conducted in the MDL Court related to the individual member cases.  All such discovery has been completed and the MDL Court is not aware of any reason why additional discovery should be allowed.  Once the summary judgment motions are ruled and the Transferor Court determines the extent to which it will adopt the MDL Court's rulings on the *Daubert* motions, the case should be ready for trial.

## IV.  CONCLUSION

Pursuant to J.P.M.L. Rule 10.1(b), the MDL Court suggests that the Panel remand this member case to the Northern District of California for further proceedings.  The Clerk of Court shall forward a copy of this Order to the Panel.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE

DATE: April 24, 2024                                   UNITED STATES DISTRICT COURT



**ECF DOCUMENT**

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Western District of Missouri.

Date Filed:   4/24/2024   Paige A. Wymore-Wynn, Clerk
By:   M. Warren                                         Deputy Clerk